UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALEXANDER FORD,

        Plaintiff,

v.                                            Case No. 19-cv-1404-pp

FEDERAL COURTS,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

---

On September 26, 2019, the plaintiff, who is proceeding without an attorney, filed a complaint suing "federal courts" for violating his rights by following and stalking him even though he hadn't committed any crimes. Dkt. No. 1 at 2. According to the plaintiff, the federal government records him everywhere he goes, films him and puts things in the food he eats. Id. The plaintiff says that the government places federal agents at the jobs where he works to follow and watch him. Id. The plaintiff alleges that the government does all these things, and has been doing them for seven months, because he is a special person to the universe. Id. The plaintiff asks the court for a reward and an order barring "them" from "committing illegal crimes and conspiracies on the people of the United States." Id. at 4. The plaintiff also filed a request to proceed without prepaying the filing fee. Dkt. No. 2. Although it appears that

1

the plaintiff lacks the funds to prepay the filing fee, the court will dismiss the complaint for failure to state a claim.

I.   **Plaintiff's Ability to Pay the Filing Fee**

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's request to proceed without prepaying the fee says that he is not employed (and that he was fired because of the federal government), although he indicates that he has monthly wages or salary of $1,000. Dkt. No. 2 at 2. He reports that he is not married, but that he has two young children whom he supports with a total of $450 per months. Id. at 1. He lists no rent, mortgage, car payments, credit card payments or household expenses, but says that he must pay $240 per month in alimony or child support. Id. at 2. He also reports a monthly storage fee expense of $37. Id. at 3. The plaintiff says that he doesn't own a home or a car and that he has a balance of $0.10 in a bank account. Id. The plaintiff says that he is staying at a Motel 6 because he is homeless. Id. at 4. Based on the information in the request, the court concludes that the plaintiff does not have the ability to pay the filing fee.

II.  **Screening**

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §1915A(b). To state a claim for which a federal court can grant relief, a plaintiff must provide a "short and plain statement of the claim" showing that he is entitled to that relief. Federal Rule of Civil Procedure 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendant fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id.

### III.    Facts Alleged in the Complaint

The plaintiff's statement of claim consists of the following paragraph:

> Federal government violated my rights by following me stalking me and I have committed any crimes [sic]. They also record me every were [sic] I go and film me they also put things in the food I eat place federal agents at jobs that I work at to follow and watch me. They did it because of who I am a special person to the universe. It's been going on for the last 7 months.

Dkt. No. 1 at 2.

### IV.    Analysis

There are limits on the kinds of cases that a federal court may consider. It can consider and decide cases that involve violations of *federal* laws or the *federal* Constitution. 28 U.S.C. §1331. Federal courts also can consider and decide lawsuits between citizens of different states, if the amount they are fighting over is more than $75,000. 28 U.S.C. §1332.

The plaintiff has not sued any individual person or persons, or any government agencies. He hasn't identified any law that the federal courts or the federal government has broken. He says in his application to waive the filing

fee that the federal courts or the federal government have violated his right to privacy, gotten him fired from jobs and gotten his gym membership canceled, but he does not identify the law or constitutional provision that gives him the privacy right he is claiming.

Although the plaintiff named "federal courts" as the defendant on the first page of his complaint, he hasn't accused the federal *courts* of doing anything to him. Instead, he alleges that the federal *government* has violated his rights. Dkt. No. 1 at 2. The doctrine of sovereign immunity shields the federal government and its agencies from suit. Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994). Even if that weren't true, and the plaintiff could sue the federal government, the court would not be able to let him proceed on this complaint. He hasn't provided enough facts for the court to determine whether he has a claim that a federal court can recognize. He does not identify who is following him, or how he knows that they are following him. He does not say where these events happened, how many times, or when. He does not explain where he was working, when he lost his jobs or why he believes that the federal government was responsible for him being fired. He does not explain why he believes people are putting things in his food. Without specific facts, the court cannot determine whether the plaintiff has a claim for which a federal court can grant relief. The court must dismiss the complaint.

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

4

The court **ORDERS** that this case is **DISMISSED** for failure to state a claim upon which relief can be granted by this court.

Dated in Milwaukee, Wisconsin this 8th day of October, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**